# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| KEN PALLUOTTO, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **CASE NO. 4:24-cv-721** |
| | § | |
| NEWREZ LLC and JOE CASTRO, | § | |
| Defendants. | § | |
| | § | |

## DEFENDANT NEWREZ LLC'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S PARTIAL MOTION FOR SUMMARY JUDGMENT

Defendant NewRez LLC (hereafter "Defendant") respectfully replies to Plaintiff Ken Palluotto's Response [Docket # 27] to Defendant's Partial Motion for Summary Judgment [Docket # 23]. In support, Defendant would show the following:

### A. NO EVIDENCE MARGARET JANKOWIAK AGREED TO THE INFORMAL MARRIAGE AND OBJECTION TO EVIDENCE.

1.      Defendant in no way concedes that Plaintiff has established an informal marriage. Plaintiff fails to point to a single document in which *Margaret Jankowiak* acknowledges the alleged informal marriage to Plaintiff. Margaret Jankowiak executed multiple documents recorded in the public records in which she confirmed that she was an unmarried woman.[1] In fact, not a single document in the Property's chain of title identifies Margaret Jankowiak as a married individual. However, Plaintiff claims that he was married to Ms. Jankowiak since September 1996.[2]

2.      Defendant objects to the Affidavit of Kenny Palluotto with respect to all statements as to whether Margaret Jankowiak considered herself to be married. Said statements are hearsay and

---

[1] *See* Exhibits 3, 4, and 7 attached to Plaintiff's response.
[2] Margaret Jankowiak was legally married to David Jankowiak until 1999.

call for speculation. Further, Defendant objects to the Notice of Award from the Social Security Administration attached to Plaintiff's response to Defendant's Partial Motion for Summary Judgment as Exhibit 9 as hearsay.

**B. <u>PLAINTIFF ADMITS TO KNOWLEDGE OF THE LOAN AT ALL RELEVANT TIMES.</u>**

3.      The Texas Constitution allows an owner's spouse to subsequently consent to the home equity lien. TEX. CONST. art. XVI, § 50(a)(6)(Q)(xi)**.** Plaintiff testified that he knew Margaret Jankowiak refinanced her loan against the Property for a lower interest rate.[3] Plaintiff admits in both his deposition testimony and his affidavit attached to Plaintiff's response to Defendant's Partial Motion for Summary Judgment that he continued to make payments on the mortgage for years after Margaret Jankowiak died. Margaret Jankowiak made the payments on the mortgage for close to ten (10) years before her death and then Plaintiff continued to make the payments after her death. The evidence is undisputed that Plaintiff had full knowledge of the loan for almost seventeen (17) years before filing his lawsuit disputing the validity of the mortgage.

4.      Plaintiff relies on the Texas Supreme Court case of *Hruska v. First State Bank of Deanville* to support his position that the home equity loan cannot be ratified by the spouse. However, this case stands for the proposition that a lien may not be created by oral representation as First State Bank attempted to do in that case. *Hruska,* 747 S.W.2d 783, 785 (Tex. 1988). In the case at issue, there is a Texas Home Equity Security Instrument undisputedly signed by Margaret Jankowiak in 2007.

5.      Further, *Ya Qin Tong v. Nationstar Mortgage,* the other case cited by Plaintiff, is distinguishable from the matter at hand. In *Ya Qin Tong,* the borrower's wife testified that she had *no knowledge* of the loan and would have objected to the loan on her residence. *Ya Qin Tong v.*

---

[3] *See* Exhibit 7 to Defendant's Partial Motion for Summary Judgment.

*Nationstar Mortgage LLC,* 2023 WL 2422482, No. 05-19-01558-CV (Tex. App.—Dallas March 9, 2023, pet. denied). Unlike Ms. Tong, Plaintiff Palluotto testified that he knew Ms. Jankowiak was refinancing the loan to obtain a lower interest rate. Further, he continued to make payments on the loan for years after Ms. Jankowiak's death. As such, Plaintiff consented to and ratified the 2007 Texas Home Equity Security Instrument.

### C. CONCLUSION

6.       Defendant respectfully requests that the Court grant Defendant's Partial Motion for Summary Judgment.

Respectfully submitted,

/s/ Tiffany Serbousek Gilbert
**Gregory Brewer (Lead Counsel)**
Southern District of Texas No. 2175443
State Bar No. 00792370
Gregory.brewer@fnf.com
**Tiffany Serbousek Gilbert**
Southern District of Texas No. 2851474
Texas Bar No.: 24058776
Tiffany.gilbert@fnf.com

**FIDELITY NATIONAL LAW GROUP**
6900 Dallas Parkway, Suite 610
Plano, Texas 75024
Phone: 972-812-6522
Facsimile: 972-812-9408

**COUNSEL FOR DEFENDANT
NEWREZ LLC d/b/a SHELLPOINT
MORTGAGE SERVICING**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 7, 2025, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court.  A copy of this document was served to all counsel of record via ECF Notification.


*/s/ Tiffany Serbousek Gilbert*_____

TIFFANY SERBOUSEK GILBERT