UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **Ken Palluotto** | § § § | |
| *v.* | § | Civil Action 4:24-cv-00721 |
| | § § | |
| **NewRez, LLC** | § | |

### PLAINTIFF'S SUREPLY TO DEFENDANT'S REPLY TO PLAINTIFF'S RESONSE TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Ken Palluotto ("Palluotto") Plaintiff, files his Sureply to Defendant's Reply to Plaintiff's Response to Defendant's Motion For Partial Summary Judgment.

### NATURE OF SUREPLY

1. In its Reply Defendant NewRez, L.L.C. ("NewRez") makes several incorrect statements in regard to Texas law.

### LEGAL ARGUMENTS

**Texas law does not require a written document to establish an informal marriage**

2. In its Reply, NewRez states that Palluotto fails to point to a single document in which *Margaret Jankowiak* acknowledges the alleged informal marriage…

3. This is misleading statement of Texas law because there is no requirement that either spouse must execute any written document. See Tex. Fam. Code Section 2.401.

4. Whether Margaret Jankowiak did or did not sign a document which either does or does not acknowledge an informal marriage is totally irrelevant to whether there was or was not an informal marriage.

5. Likewise, whether Margaret Jankowiak signed a document which stated that she

1

was unmarried is also irrelevant because Texas law is crafted to protect the non-consenting spouse. One spouse cannot consent for the other spouse. In this case Palluotto is the nonconsenting spouse and is entitled to the protection which is allowed by Texas law.

6. Under Texas law the requirements to establish an informal marriage are, "the man and woman agreed to be married and after the agreement they lived together in this state as husband and wife and there represented to others that they were married." Tex. Fam. Code §2.401; *Small v. McMaster*, 352 S.W. 3d 280 (Tex. App. – Houston [1st Dist] 2011, pet. denied); *Nguyen v. Nguyen*, 355 S.W. 3d 82 (Tex. App. – Houston [1st Dist.] 2011, pet. denied).

7. These facts are established by the Affidavit of Palluotto. See *Small v. McMaster,* supra at 283 (the testimony of one of the parties to an informal marriage is evidence that the parties agreed to be married).

8. Texas law does not require either spouse to sign any document which acknowledges the informal marriage.

9. In any event, the existance of an informal marriage is a fact question. *Small v. McMaster,* supra; *Montemayor v. Montemayor,* 01-23-00374-CV (Tex. App. – Houston [1st Dist] 2025, no pet.).

**The Texas Constitution requires written consent to a lien on a homestead**

10. In its Reply NewRez again misstates Texas law.

11. NewRez argues that the mere fact that Paluotto knew that his wife was making a loan somehow constitutes consent to a lien on his homestead.

12. This argument contradicts both the Texas Constitution, Texas statutory law, and Texas case law.

13. The Texas Constitution states:

Tex. Constitution, Art. 16 Section 50 Homestead; Protection From Forced Sale; Mortgages Trust Deeds and Liens

(a) The homestead of a family, or of a single adult person, shall be and is hereby protected from forced sale, for payment of all debts except for:

…

(6) An extension of credit that: (A) is secured by a voluntary lien on the homestead created under a *written* agreement with the consent of each owner and each owner's spouse. (emphasis added)

14. Tex Property Code Section 53.24 requires that in order to create a valid lien on a homestead there must be a "written contract" and "if the owner is married the contract must be signed by both spouses." Id.

15. The Texas Family Code prohibits the encumbrance of a homestead "without the joinder of the other spouse…" Tex. Fam. Cod, Sec. 5.001.

16. In the present case NewRez has failed to establish or offer any evidence of any written agreement or contract which was executed by Palluotto in which he consented to the NewRez lien on his homestead.

17. Additionally, under the summary judgment evidence there would be, at most, a question of fact to whether any action was a knowing consent.

18. In short, the summary judgment evidence does not establish that there was written consent by Palluotto as required by Texas law. Again, at most there is a question of fact.

**Motion For Leave to File this Sureply**

19. To the extent as may be necessary for the Court's permission for Palluotto to file this Sureply Palluotto requests leave or permission of this Court to file this Sureply.

WHEREFORE, Ken Palluotto requests that Defendants' Motion be denied and that he

receive all relief to which he may be entitled.

                    Respectfully submitted,

                    JERRY L. SCHUTZA

By: */s/ Jerry L. Schutza*
    Jerry L. Schutza
    SBN: 17853800
    808 Travis St., Ste. 1005
    Houston, Texas 77002
    Telephone: (713) 963-9988
    Email: schutzalaw@yahoo.com

## CERTIFICATE OF SERVICE

    I hereby certify that on the 16th day of May, 2025, a true and correct copy of the foregoing instrument was forwarded by eservice, email, certified mail, return receipt requested, and/or by hand delivery and/or by fax transmission to counsel of record and any Pro Se parties.

**VIA ELECTRONIC SERVICE**

Tiffany Gilbert
Fidelity National Law Group
6900 Dallas Pkwy, Ste. 610
Plano, Texas 75024

                    */s/ Jerry L. Schutza*